UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROSA M. ANDRADE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO: 1:15-cv-401 |
| | ) | |
| ESKENAZI HEALTH | ) | |
| CENTER, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.     This is an action brought by Plaintiff, Rosa M. Andrade ("Andrade"), by counsel, against Defendant, Eskenazi Health Center, Inc. ("Defendant"), for its violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq., as amended; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 et. seq.; the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. § 2601 et. seq.; and for violations of Indiana law.

**II. PARTIES**

2.     Andrade, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant is a corporation which, at all times, conducted business within the geographical environs of the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343;  42 U.S.C. § 12117; 29 U.S.C. § 626, and 29 U.S.C. § 2617(a)(2).

5.     Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A), 29 U.S.C. § 630(b), and 29 U.S.C. § 2611(4).

6.     Andrade is an "employee" as that term is defined by and 29 U.S.C. § 630(f).

7.     Andrade is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of Andrade's disability and/or it regarded Andrade as being disabled.

8.     Andrade was, at all times relevant, an "eligible employee" as that term is defined under 29 U.S.C. § 2611(2).

9.     Andrade exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on age, disability, and retaliation, and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.     All events, transactions, and occurrences concerning this case having arisen in the geographical environs of the Southern District of Indiana, venue is proper in this Court.

## IV.   FACTUAL ALLEGATIONS

11.    Andrade, age 54, was hired by the Defendant on or about March 30, 2003 as a Medical Records Tech.  At all times relevant, Andrade met or exceeded Defendant's legitimate performance expectations.

12.    Andrade, a cancer survivor, suffers from an impairment that substantially limits her major life activity of working, concentrating, and at times, caring for herself.  Andrade can perform the essential functions of her position with or without an accommodation.  Defendant was aware of Andrade's impairments because Andrade had utilized FMLA for treatment of her condition previously and continued to use FMLA upon her return.  Through 2009-2010, Andrade was out on an approved medical leave while she underwent treatment for cancer.  Andrade believed that she remained employed and could return when she was ready; however, due to the length of time she was out, Andrade was told she could reapply when she was ready to return.

13.    Following treatment, to prepare to return to work, Andrade volunteered beginning in or about April 2010.  She then applied for her still-vacant Medical Records Clerk position in or about July 2010.  Following an interview with Ryan Harrison, her previous manager, on or about August 18, 2010, Andrade was informed she was not hired for her previous position, despite being qualified and having worked the job since she began in 2003.

14.    On or about August 31, 2010, Andrade wrote a letter to Cindy Grismore, Defendant's Director of Human Resources, informing Grismore that she

had not been hired for her previous position.  On or about September 6, Grismore called Andrade and set her up for an interview with Human Resources.  On or about September 24, 2010, Andrade was offered and accepted a position as a Health Information Technician / Patient Service Assistant in the Pecar Clinic.

15.    Upon rehire, Andrade's supervisor was to be Louise Keys, but Andrade remained under the direct supervision of Harrison at the Pecar Clinic.  After her return, Andrade was subjected to harassment by Harrison.  Harrison singled Andrade out and continually micromanaged Andrade's performance.  On or about April 4, 2011, Harrison issued Andrade an unwarranted write-up in which he alleged Andrade failed to properly login to the telephone system and refused to pull charts.  On or about April 11, 2011, Andrade wrote a letter to Grismore in which she complained about the unwarranted write-up and about Harrison's conduct.  The Defendant failed to take corrective action and the harassment continued.

16.    Due to the nature of her disability, Andrade requested a reduced schedule and sometimes would require time off when she was feeling the effects of her condition.  Harrison disliked that Andrade was given reduced hours and often made comments to Andrade about not being at work.  Andrade also made a reasonable request for an accommodation that she no longer register patients.  This request was granted verbally; however, Defendant failed to abide by Andrade's accommodations and required her to continue registering patients.

17.    While working in the Medical Records room, Defendant intentionally locked the thermostat which caused the room to become very hot.  These hot

temperatures exacerbated Andrade's disability, causing migraines and neuropathy pain, which caused Andrade to have to leave work early or miss work.  Harrison was aware of the issue with the thermostat and its effect on Andrade's disability, but he did nothing to remedy the situation.

18.    On or about November 21, 2013, Andrade was terminated from her employment.  Andrade was allegedly terminated for violation of the Defendant's attendance policy; however, a number of these absences should have been FMLA-protected.  Upon information and belief, Andrade was replaced by a younger, non-disabled individual.

19.    On or about February 12, 2014, Andrade spoke with Karen Duncan, Senior HR Generalist for Defendant, who offered Andrade a position as a Greeter at the Blackburn Clinic.  She accepted the position and was to start on February 17, 2014.  However, the Defendant failed to hire Andrade for the position and stopped contacting Andrade after this.

20.    Similarly situated younger employees who are not disabled and/or have not engaged in a protected activity have engaged in conduct similar to Andrade and have not been disciplined and/or terminated.

## V. Legal Allegations

### Count I-Violation of the ADA – Discrimination

21.    Andrade hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22.     Defendant violated Andrade's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et seq</u>. by failing to accommodate Andrade's disability and terminating her on the basis of her disability.

23.     Defendant's actions were intentional, willful and in reckless disregard of Andrade's rights as protected by the ADA.

24.     Andrade has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II-VIOLATION OF THE ADA– RETALIATION

25.     Andrade hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26.     Andrade engaged in a protected activity when she complained to management that the actions taken against her were discriminatory because of her disability.

27.     The Defendant retaliated against Andrade and terminated her employment.

28.     The Defendant's actions violated the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et seq</u>., as amended.

29.     The Defendant's actions were willful, intentional, and done with reckless disregard of Andrade's civil rights.

30.      Andrade suffered damages as a result of the Defendant's unlawful actions.

<u>COUNT III: AGE DISCRIMINATION</u>

31.    Andrade hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32.    Defendant has willfully and intentionally, with malice and/or reckless disregard for Andrade's rights, engaged in unlawful and discriminatory employment practices because of Andrade's age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 <u>et</u>. <u>seq</u>.

33.    Andrade has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

<u>COUNT IV: VIOLATION OF THE FMLA – INTERFERENCE</u>

34.    Andrade hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint.

35.    Defendant unlawfully interfered with the exercise of Andrade's rights under the FMLA.

36.    Defendant's actions were intentional, willful, and in reckless disregard of Andrade's rights as protected by the FMLA.

37.    Andrade suffered damages as a result of Defendant's unlawful actions.

<u>COUNT V: VIOLATION OF THE FMLA – RETALIATION</u>

38.    Andrade hereby incorporates paragraphs one (1) through thirty-seven (37) of her Complaint.

39.    Defendant unlawfully retaliated against Andrade for exercising her rights under the FMLA.

7

40.     Defendant's actions were intentional, willful, and in reckless disregard of Andrade's rights as protected by the FMLA.

41.     Andrade suffered damages as a result of Defendant's unlawful actions.

### COUNT VI:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

42.     Andrade hereby incorporates paragraphs one (1) through forty-one (41) of her Complaint.

43.     Defendant's actions toward Andrade when refusing to remedy the heat issue in the medical records room were intentional and/or reckless.

44.     Defendant's conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality.

45.     Defendant's conduct caused Andrade severe emotional distress.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Rosa M. Andrade, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.      Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.      Pay Plaintiff's lost wages and benefits;

3.      Pay to Plaintiff compensatory damages, including lost future earning capacity, and punitive damages;

4.      Pay to Plaintiff liquidated damages for Defendant's violation of the ADEA and FMLA;

5.      Pay to Plaintiff pre- and post-judgment interest;

6.      Pay Plaintiff's costs and attorney fees incurred in litigating this action;

and,

7.      Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Lauren E. Berger
Andrew Dutkanych, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com
        lberger@bdlegal.com

*Attorney for Plaintiff, Rosa M. Andrade*

9

## DEMAND FOR JURY TRIAL

The Plaintiff, Rosa Andrade, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

/s Lauren E. Berger
Andrew Dutkanych, Attorney No. 23551-49
Lauren E. Berger, Attorney No. 29826-19
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: ad@bdlegal.com
         lberger@bdlegal.com

*Attorney for Plaintiff, Rosa M. Andrade*